## CIRCUIT COURT OF CAROLINE COUNTY

Union Bank and Trust Co.

v.

Mary Scott Haley, Executrix

April 28, 1989

Case No. CL89-38

By JUDGE WILLIAM H. LEDBETTER, JR.

Union Bank, a judgment creditor, has filed a suggestion in garnishment against funds belonging to the Estate of Michael Gregg Broaddus, III, deceased. The executrix of the estate seeks to quash the garnishment on the ground that such an action would create a preference in favor of one creditor over other creditors of the estate in contravention of Virginia Code § 64.1-157.

Broaddus died testate in 1982. His will was probated and Haley qualified as executrix. The widow, Lillian C. Broaddus, renounced the will.

In January of 1985, because of several disputes and difficulties in the administration of the estate, the executrix filed suit for guidance and direction. In the course of that suit, real estate was sold and the proceeds were deposited with the general receiver of this court. According to a scheme of distribution approved by the court, portions of the proceeds were paid to various persons, and the balance was directed to be paid over to the executrix of the estate.

Union Bank obtained a judgment against the estate on February 13, 1985, in the principal sum of $59,899.60. It now seeks garnishment of the balance of the real estate sale proceeds, which belong to the estate, in the hands of the general receiver.

The parties agree that there are not sufficient assets in the estate to satisfy all demands against the decedent.

The order in which a decedent's debts are to be paid, when the assets of his estate are not sufficient to satisfy all demands against him, is fixed by Virginia Code Sections 64.1-157, 64.1-158 and 64.1-159.

In essence, § 64.1-157 creates eight classes of debts or claims and provides that "no preference shall be given in the payment of any claim over any other claim of the same class"; in other words, all debts of the same class are payable pro rata. No creditors of one class are paid until all those of preceding classes have been fully paid. Section 64.1-158. Notwithstanding this structure of priorities, secured debts, *i.e.*, "liens *acquired in the lifetime of the decedent*," have priority over unsecured debts. Section 64.1-159.

In this case, Union Bank seeks to enhance its position by judgment and garnishment *after* the death of the debtor, thereby disrupting the structure of debt priorities established by the General Assembly. Although there are no cases on point, it appears from a fair reading of Article 6, Chapter 6, Title 64.1, that such customary creditors' remedies are not available against decedents' estates.

At the time of Broaddus's death, the bank was a general creditor. It cannot improve its position by acquiring a post-mortem judgment lien, obtaining a writ of fi. fa., pursuing a garnishment, etc., after his death. To hold otherwise would undermine the clear and specific statutory scheme discussed above.

The bank argues for an exception. Assuming that the principle announced herein is correct, it should have no application where, as here, the funds sought to be garnished are in the hands of a third party. Although the argument has surface appeal and is creative, it has a fatal weakness. As a creditor's remedy, garnishment, by definition, is *always* directed to a third party in possession of property owned by or owed to the judgment debtor. *See* 21A M.J., *Words and Phrases*, p. 182. During the course of their duties administering the estate, personal representatives are seldom in actual possession of all the assets of the estate. Cash is in account at various banks, in CD's, etc.; accounts receivable are "held" by third-party debtors of the decedent until demand

can be made and payment obtained; sales of assets may result in monies being held, at least temporarily, by auctioneers, special commissioners, general receivers, etc. To permit one creditor to enhance his position relative to other creditors of the estate by reaching those funds in the hands of third parties would contravene the priority statutes no less than if the funds were held by the personal representative.

For the foregoing reasons, the court is of the opinion that the garnishment brought by Union Bank does not lie and should be quashed.